UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| BIAO HONG, <br><br>    Petitioner, <br><br>v. <br><br>KRISTI NOEM, et al., <br><br>    Respondents. | No. 1:26-CV-037-H |

## ORDER

Before the Court is Biao Hong's motion to dismiss his petition for a writ of habeas corpus without prejudice. Dkt. No. 10. The motion provides little explanation. It simply informs the Court that the "[p]etitioner has been moved to another facility" in the Western District of Oklahoma. *Id.* at 1. Thus, because "venue is now proper" in that district, "and this Court has not ruled on" Hong's petition, he "requests that this Court now dismiss this habeas petition." *Id.* No further reason is given. For the following reasons, the motion (Dkt. No. 10) is denied without prejudice.

Northern District of Texas Local Civil Rule 7.1(h) establishes uniform requirements for motion practice. Depending on the nature of the motion, the Local Rules may require an accompanying brief, a certificate of conference, or both. *See* Loc. Civ. R. 7.1(h). As for motions to dismiss, the Local Rules require an accompanying brief unless the motion is agreed. *Id.*

Here, Hong and the respondents appear to dispute whether the motion to dismiss (Dkt. No. 10) is agreed or opposed. Just as troubling, they offer differing accounts of the events leading up to the filing of the motion. The motion itself—which was filed on February 16, 2026—is titled "Agreed Motion to Dismiss Habeas Petition." Dkt. No. 10 at

1. It claims that the "[r]espondents are not opposed to this motion." *Id.* And it includes a Certificate of Conference certifying to the Court that counsel for the respondents "indicated that [the] [r]espondents do not oppose this request" after conferring on February 9, 2026. *Id.* at 2.

The respondents' response[1] to the motion tells a different story: "On the afternoon of Friday, January 30, 2026, Petitioner's counsel reached out to the U.S. Attorney's Office to ask if there was any opposition to a voluntary dismissal without prejudice in this case[.]" Dkt. No. 11 at 1 (internal quotation marks omitted).[2] The next morning, the respondents informed Hong's counsel that "there was no objection" to the "prompt voluntary dismissal of this case." *Id.* In their response, however, the respondents "note . . . that *they do not agree*" with the bulk of the motion's substance—namely, that venue is "now proper" in the Western District of Oklahoma. *Id.* at 1–2 (emphasis added). Specifically, the respondents reject any implication that venue in this Court is no longer proper. *See id.*

Moreover, the respondents point out that "dismissal at this time might not be in the interest of justice" because doing so would be "an inefficient use of judicial resources." *Id.* at 2. Indeed, the reasons offered by the respondents are correct. The Court has invested substantial judicial resources in this case. It has reviewed Hong's 74-page petition and the

---

[1] The Local Rules contemplate responses only to opposed motions. *See* Loc. Civ. R. 7.1(d)–(e) ("A response to an *opposed* motion must be accompanied by a brief . . . ." (emphasis added). Thus, the fact that the respondents filed a response at all suggests that Hong's motion to dismiss is not an agreed motion.

[2] The timing, in the respondents' telling, is suspect. Only hours before Hong's counsel contacted the government about dismissing this case, the Court denied his client's motion for TRO, concluding that Hong failed to demonstrate a substantial likelihood of success on the merits. *See* Dkt. No. 6. *Cf. Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175, 2026 WL 165490, at *5 (W.D. Okla. Jan. 21, 2026) (listing cases in the Western District of Oklahoma concluding that illegal aliens are entitled to bond hearings under 8 U.S.C. § 1226(a)).

additional 126 pages of attachments (Dkt. Nos. 1; 1-1; 1-2); it has reviewed and ruled on his motion for a temporary restraining order (Dkt. Nos. 3; 6); and it has issued a Show-Cause Order to set a schedule for briefing his petition, which concludes next week (*see* Dkt. No. 5). Particularly in light of Hong's request for emergency relief earlier in this litigation, *see* Dkt. No. 3, it seems peculiarly inefficient to request dismissal of this action with the intent to refile in another district and wait for another court to duplicate this Court's work described above.

Based on the points raised in the respondents' response (Dkt. No. 11), the motion is denied without prejudice. Should Hong file a new motion, however, the parties must first confer, and any newly filed motion to dismiss must clarify the following matters:

- whether it is possible to reconcile the differing timelines of events described in the motion (Dkt. No. 10) and the response (Dkt. No. 11);
- if not, whether any party falsely certified their filing; and
- whether Hong's motion (Dkt. No. 10) is agreed or opposed.

If the parties determine that the motion is opposed, Hong must file his new motion with the accompanying brief required by the Local Rules "that sets forth [his] contentions of fact and/or law, and argument and authorities." Loc. Civ. R. 7.1(d).

So ordered on February 26, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE